UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILL NELSON FOR U.S. SENATE,

    Plaintiffs,

v.

                                 Case No. 4:18-cv-00535-MW-CAS

KEN DETZNER, in his official capacity
as Florida Secretary of State,

    Defendant.

_____/

## THE NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S EMERGENCY MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 7.1(L), the National Republican Senatorial Committee ("NRSC") respectfully moves to intervene in this case to oppose the relief requested by Plaintiffs.

**Background**

This case concerns the recent general election contests in Florida held on November 6, 2018. Among those contests is one for the United States Senate, between incumbent Senator Bill Nelson, a Democrat, and Florida Governor Rick Scott, a Republican. Returns indicate that Governor Scott received a majority of the votes. In this litigation, Plaintiffs ask the Court to change the rules post hoc in

hopes that it will help Senator Nelson overcome an electoral deficit. This Court should reject the invitation to make new election laws to advance this purpose.

The Florida Legislature has established Florida's recount procedures under its federal constitutional authority to regulate the times, places, and manner of electing members of Congress. U.S. Const. art. I, § 4. With manual recounts already underway across the State, Plaintiffs now ask this Court to impose on the recount process new requirements not found anywhere in the Florida Election Code or in the administrative rules that govern recounts. Such relief is untimely and unwarranted and would create an appearance of chaos surrounding Florida's election process. *Cf. Democratic Senatorial Campaign Committee v. Detzner*, No. 4:18-cv-00526-MW-MJF, slip op. at 8 (N.D. Fla. Nov. 15, 2018) ("At this point, the manual recount has begun. Canvassing boards have been trained and used these procedures in prior manual recounts. The rules are clear and provide examples. To enjoin the use of the rules at this point would likely create a bigger problem.").

The NRSC is the national organization that supports and assists Republican candidates for the U.S. Senate. It has provided and continues to provide support and assistance to Governor Scott in his campaign for the U.S. Senate. It seeks to intervene here and to participate at any hearing in this matter to oppose Plaintiffs' unlawful and extraordinary attempt through a barrage of post-election litigation to rewrite Florida's election laws to Senator Nelson's perceived advantage.

## Grounds for Intervention

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right and permissive intervention. *See*, *e.g.*, *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999). The NRSC is entitled to intervention as a matter of right. Alternatively, this Court should allow permissive intervention.

To intervene as a matter of right, the moving party must demonstrate that: (1) its motion to intervene is timely; (2) it has an interest relating to the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Id.* at 1339–40 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). If a moving party satisfies these four requirements, the district court must allow intervention. *Chiles*, 865 F.2d at 1213. The NRSC satisfies each requirement.

*First*, this motion is timely. This litigation was filed yesterday and removed to this Court early this morning. Intervention will not delay or prejudice the adjudication of the original parties' rights in any way.

*Second*, the NRSC has an interest relating to the relief Plaintiffs seek. As the national organization that assists and supports Governor Scott's campaign for the U.S. Senate, the NRSC has a direct interest in the outcome of litigation brought by

Senator Nelson's campaign to impose new requirements on the manual recount process after the election has already occurred and a manual recount has already begun.

*Third*, the relief Plaintiffs seek would impair and impede the NRSC's ability to protect these interests. Through their motion, Plaintiffs seek to change the rules that apply to the recount between Governor Scott and Senator Nelson. The NRSC's interest is to assure compliance with Florida's election laws as written, and to oppose efforts to rewrite the rules after an election has already taken place. The relief that Plaintiffs seek would deny Governor Scott the right to an election decided according to the laws of Florida—laws duly enacted by the Legislature and established long before the election.

*Fourth*, no other party adequately represents the NRSC's interests in this action. To be sure, the Secretary of State has an abiding interest in the faithful execution of state election laws. The NRSC, however, has an interest in the outcome of the election that the Secretary of State does not, as the NRSC seeks to support and assist one of the two major-party candidates for the U.S. Senate. The NRSC should therefore be permitted to intervene in litigation that was brought on behalf of Senator Nelson, the opposing candidate for the U.S. Senate.

For these reasons, the NRSC satisfies the criteria for intervention as a matter of right. Alternatively, if this Court denies intervention as a matter of right, it

should grant permissive intervention under Rule 24(b)(1). *See Chiles*, 865 F.2d at 1213. Courts regularly permit political parties and affiliated organizations to intervene in election disputes implicating their interests. *See, e.g.*, *Trinsey v. Com. of Pa.*, 941 F.2d 224, 226 (3d Cir. 1991) (Democratic and Republican State Committees given leave to intervene in suit against State regarding vacant U.S. Senate seat); *Pierce v. Allegheny Cty. Bd. of Elections*, 324 F. Supp. 2d 684, 709 (W.D. Pa. 2003) (Republican candidate sued county board of elections and Democratic State Committee intervened in support of board). This timely motion demonstrates that the NRSC's defenses share common factual and legal questions with the main action and do not interject unrelated questions. The Court should accordingly permit NRSC to intervene here.

**WHEREFORE**, the NRSC respectfully requests entry of an order granting it leave to intervene, and permitting it to participate, through counsel and by telephone, in any hearing on Plaintiffs' motion.

### CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with counsel for Plaintiffs regarding the relief sought in this motion. Plaintiffs take no position.

### LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this motion contains 990 words.

Respectfully submitted,

/s/ *Andy Bardos*

| | |
|---|---|
| Charles J. Cooper * | Andy Bardos (FBN 822671) |
| Michael W. Kirk * | George T. Levesque (FBN 555541) |
| William C. Marra * | GRAYROBINSON, P.A. |
| Davis Cooper * | Post Office Box 11189 |
| Joseph O. Masterman * | Tallahassee, Florida 32302-3189 |
| COOPER & KIRK, PLLC | Telephone: 850-577-9090 |
| 1523 New Hampshire Avenue, N.W. | andy.bardos@gray-robinson.com |
| Washington, D.C. 20036 | george.levesque@gray-robinson.com |
| Telephone: 202-220-9600 | |
| ccooper@cooperkirk.com | |
| mkirk@cooperkirk.com | |
| wmarra@cooperkirk.com | |
| pdcooper@cooperkirk.com | |
| jmasterman@cooperkirk.com | |

\* *pro hac vice applications forthcoming*

*Attorneys for the National Republican Senatorial Committee*